UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FRANK SALERNO,                                  :
                                                :
                           Plaintiff,           :
                                                :
          -against-                             :    **MEMORANDUM AND ORDER**
                                                :    05 CV 5736 (DLI) (CLP)
ECKERD CORPORATION,                             :
                                                :
                           Defendant.           :
----------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff Frank Salerno ("Plaintiff"), a New York resident, brings this "slip and fall" negligence action against defendant Eckerd Corporation ("Defendant" or "Eckerd"), a Florida corporation. Defendant now moves for summary judgment. For the reasons set forth below, Defendant's motion is granted.

**I.  Background**

The following facts are construed in a light most favorable to non-moving Plaintiff.[1] Early in the morning of October 8, 2003, around 1:00 a.m., Plaintiff walked from his home, past the Defendant's premises, to a nearby deli. (Compl. ¶ 4; Salerno Dep. 12:20-22.) As he passed Defendant's premises, he noticed that there were many garbage bags on the sidewalk adjacent to the premises. (Salerno Dep. 12:17-13:7.) On his return home, he walked along the sidewalk in front

---

[1] Local Civil Rule 56.1(a) requires that, "[u]pon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." Defendant has not submitted a statement of undisputed material facts pursuant to this rule; nor has Plaintiff submitted a counter-statement of undisputed material facts pursuant to Local Civil Rule 56.1(b). Notwithstanding, the court has taken the following facts from the complaint and from the depositions and affidavits in the record.

1

of Defendant's premises. (Compl. ¶ 4; Salerno Dep. 12:11-16.) It was raining and foggy, and it was dark, though there were streetlights that provided some visibility. (Salerno Dep. 28:4-19, 19:12-25.) The evening before, at around 9:00 p.m. when Defendant's store closed, Defendant's employees had placed garbage bags full of trash on the sidewalk in front of Defendant's premises for garbage collection scheduled for that night.[2] (*See* Barton Dep. 7:21-8:8, 9:3-17, 14:2-15:9.) At the time Defendant was walking in front of the store, the garbage bags were strewn all across the entire width of the sidewalk, and some had been torn, with its contents spilling out. (Salerno Dep. 14:17-16:9; Sanders Aff.) There was little or no clear space through which Defendant could cross. (Salerno Dep. 17:6-18:4.) As Plaintiff attempted to walk over the garbage bags, his foot landed on a wet Eckerd circular,[3] upon which Plaintiff slipped and fell. (*See* Salerno Dep. 27:24-28:3, 32:19-23.)

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris,* 550

---

[2] Plaintiff believes that there were more than 100 garbage bags piled on the sidewalk. (Salerno Dep. 15:21-23.)

[3] Although Plaintiff's counsel states in his affirmation that the circular had come from one of the garbage bags (Baier Affirm. ¶ 8), he provides no citation to the record in support of his assertion. Moreover, Plaintiff himself testified that he had no idea how long the circular was on the ground, suggesting that he did not know where the circular came from. (*See* Salerno Dep. 32:24-33:2.)

U.S. - - -, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. at 1776.

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir. 1998), and must affirmatively "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship.,* 22 F.3d 1219, 1224 (2d Cir. 1994) (citation omitted).

**B.     Notice**

Defendant contends that Plaintiff's action must be dismissed because Defendant neither created the condition that caused Plaintiff's accident, nor had notice of the condition. Plaintiff alleges that Defendant has failed to demonstrate that it did not create the dangerous condition or that it lacked notice. The court agrees with Defendant.

Under New York law, "[i[n order for a plaintiff in a 'slip and fall' case to establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition." *Bykofsky v. Waldbaum's Supermarkets, Inc.*, 210 A.D. 2d 280, 281 (2d Dep't 1994). To succeed on

a theory of constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon v. Am. Museum of Natural History*, 67 N.Y.2d 836, 837-38 (1986).

Plaintiff has failed to establish that Defendant created or had actual notice of the alleged dangerous condition. Plaintiff's accident occurred at 1:00 in the morning, well after Defendant's employees put out the garbage bags for collection at 9:00 p.m. the evening before. The mere fact that, when Plaintiff fell several hours after Defendant's store closed, the garbage bags may have been strewn about and leaking on the sidewalk does not establish that Defendant's employees affirmatively placed the bags in a dangerous fashion on the sidewalk, or had actual notice of this condition.[4]

Furthermore, Plaintiff has failed to demonstrate that Defendant had constructive notice of the alleged dangerous condition. Plaintiff does not know for how long the garbage bags had been strewn about and leaking. (*See* Salerno Dep. 32:24-33:6.) It is possible that a third party may have moved the garbage bags and torn them right before Plaintiff arrived on the scene. There is no evidence that any of Defendant's employees saw or were informed that the garbage bags had been moved and torn; indeed, there is no evidence that any of Defendant's employees remained at the store after the store's closing for a sufficient amount of time to have learned about the potentially dangerous condition. At best, Plaintiff's charge that Defendant had actual or constructive notice of the condition of its premises is entirely speculative, particularly given that Plaintiff's fall occurred

---

[4]It is worth noting that Plaintiff himself stated that he did not know how long the Eckerd circular he slipped on was on the ground. It is, therefore, not clear whether the circular came from any of the garbage bags, or whether Defendant or its employees were the ones who were responsible for the fact that the circular was on the sidewalk in the first place.

well after the store had closed. *See Mercer v. City of N.Y.*, 223 A.D. ed 688, 689 (2d Dep't 1996) ("[I]n the absence of any evidence of the origin of the patch of grease upon which the plaintiff allegedly slipped, or proof that it existed for a sufficient length of time to afford the defendant an opportunity to remove it, a finding that the defendant had constructive notice would be pure speculation.").

In support of its argument that Defendant had constructive notice, Plaintiff highlights the testimony of Victoria Barton, a manager at Defendant's store where Plaintiff's accident occurred.[5] Barton testified that, during the year she had worked at Defendant's store, she had sometimes witnessed that garbage bags had been moved and torn after they were put out to the curb following the store's closing. (Barton Dep. 18:16-23, 19:8-12.) She did not know who would do this, although she once saw a woman moving and ripping the garbage bags. (Barton Dep. 18:24-19:5.) She informed the woman not to move the bags. (Barton Dep. 19:5-7.) Plaintiff also highlights that Barton stated that she had sometimes witnessed the garbage bags leak inside the store. (Barton Dep. 22:14-16.)

Barton's statements are insufficient to charge Defendant with constructive notice. "A general awareness that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall." *Piacquadio v. Recine Realty Corp.*, 84 N.Y.2d 967, 969 (1994). Moreover, as Barton became employed at the store after the accident occurred, her testimony cannot establish Defendant's awareness, at the time of Plaintiff's accident, of a serious recurring problem with garbage bags being moved and torn after having been put out for collection.

---

[5] Barton was not employed at the store until after Plaintiff's accident. (*See* Barton Dep. 6:16-21.)

5

Accordingly, Plaintiff's argument that Defendant had constructive notice is without merit.[6]

Even taking all of the facts in a light most favorable to Plaintiff, there are insufficient facts to demonstrate that Defendant created the allegedly dangerous condition that caused Plaintiff's fall, or that Plaintiff had actual or constructive notice of the condition. Nor is there evidence to establish that the sidewalk where Plaintiff fell was negligently maintained.[7] *See Piacquadio*, 84 N.Y.2d at 969. Accordingly, Plaintiff's claim must be dismissed.[8]

---

[6]Plaintiff's reliance on *Mancini v. Quality Mkts., Inc.*, 256 A.D. 2d 1177 (4th Dep't 1998), is misplaced. *Mancini* involved a "slip and fall" case that occurred inside the defendant's store during store hours. 256 A.D. 2d at 1177. Pursuant to store policy, managers were to perform a visual inspection of the entire store every hour, but there was no evidence concerning when the area in question had last been inspected. *Id.* Here, Defendant's store was closed, and Defendant cannot have been expected to inspect the sidewalk area outside its premises throughout the night after its store was closed.

[7]Plaintiff claims that New York City Administrative Code Section 16-120 states that a commercial premises is to put refuse out for collection against the building and not the curb. The court does not agree with Plaintiff's reading of the statute, which permits building residents to put garbage out in front of the building for collection at the appropriate time. *See* N.Y.C. Admin. Code § 16-120c. It is not at all clear that garbage must be placed against the building and not by the curb, as Plaintiff claims. *See id.*

[8]Defendant further argues that the complained-of condition was open and obvious, thus abrogating any liability on its part for Plaintiff's fall. The court need not reach this issue. However, the court notes that Plaintiff himself admits that it was readily apparent that garbage bags were strewn all over the sidewalk in front of Defendant's store. In fact, there were so many garbage bags, he claims, that there was barely any room for him to walk. Yet, inexplicably, Plaintiff proceeded to walk along the garbage-strewn sidewalk. Indeed, such fact would not negate Defendant's duty to keep its premises reasonably safe and would go to the issue of comparative negligence, *see Gaffney v. Port Authority of N.Y. & N.J.*, 301 A.D. 2d 424 (1st Dep't 2003), but the point is worth noting.

## III.   Conclusion

For all of the foregoing reasons, the court finds that Plaintiff has failed to raise an issue of fact concerning whether Defendant had actual or constructive notice of the condition that allegedly caused Plaintiff's fall.  Accordingly, Defendant's motion for summary judgment is granted.


SO ORDERED.


DATED:     Brooklyn, New York
           February 15, 2008


_____/s/_____
                    DORA L. IRIZARRY
                    United States District Judge